IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | No. 1:22-CR-119-MAC |
| DOUGLAS KEITH CASEY | |

REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO PROCEED

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

BACKGROUND

On December 14, 2022, the Defendant filed a motion seeking a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and the court granted that motion on that same date. (Docs. #18, #19.) The Defendant was subsequently evaluated by Dr. T. Smith, Psy.D., Forensic Psychologist, at the Federal Correctional Institution in Los Angeles, California and found incompetent.

A competency hearing was conducted on January 16, 2024. The Defendant appeared before the court with counsel, David Barlow. The court heard from the examining doctor and counsel and found that the Defendant should be committed for an additional four months at a medical facility to allow restoration of competency. The court entered an order to that effect. (Doc. #30.)

1

After this four-month period of restoration, a second psychiatric report was filed with the court. (Doc. #38.) In that report, Skyler Maples, M.S. and Dr. Allyson Sharf, Ph.D., Forensic Psychologist, with the Federal Medical Center in Butner, North Carolina, found that the Defendant remains incompetent and there is not a substantial likelihood that the Defendant can be restored to competency in the foreseeable future. (*Id.*) Therefore, the warden at the facility filed a certificate of dangerousness with the Eastern District of North Carolina recommending that the Defendant be committed pursuant to 18 U.S.C. § 4246. The Defendant has been appointed counsel in North Carolina for that case.

The court conducted a second competency hearing on November 21, 2024. The Defendant, Ms. Maples, and Dr. Sharf appeared by video before the court. Counsel for the Defendant, David Barlow, and counsel for the Government, John Ross, appeared in person. The court heard testimony from Ms. Maples and Dr. Sharf and found that the Defendant is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Defendant does not have a rational and factual understanding of the proceeding against him, and does not have the ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960). Further, Dr. Sharf testified that there is not a substantial likelihood that the Defendant can be restored to competency in the foreseeable future. She further explained that due to his age, duration of time untreated, and the complications from his stroke and neurocognitive disorder forcibly medicating him also would not likely restore his competency.

## RECOMMENDATION

Accordingly, based upon the opinions issued by the forensic evaluators, Skyler Maples, M.S. and Dr. Sharf, Ph.D., the undersigned United States magistrate judge recommends that the

district court find by a preponderance of the evidence that Douglas Keith Casey is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in this defense, and he is accordingly incompetent to stand trial under 18 U.S.C. § 4241. This court further recommends that the district court find that the Defendant is not likely to be restored to competency and there is not a substantial probability that within an additional reasonable period of time he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(2). Based on the forensic report and the testimony at the hearing, the court accordingly recommends that because the defendant's mental health condition has not so improved as to permit proceedings to go forward, the Defendant should be subject to the provisions of 18 U.S.C. § 4246 in the Eastern District of North Carolina, where the Defendant is presently in custody, as determined by the forensic report. *See* U.S.C. § 4241(d). Finally, the undersigned would recommend that the Government be directed to coordinate with the United States Attorneys' Office for the Eastern District of North Carolina and file quarterly status reports in this case updating the court on any commitment proceedings filed against Douglas Keith Casey.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo*

determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 21st day of November, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE